**HONORABLE FRED VAN SICKLE**

STEVEN J. TUCKER
  Prosecuting Attorney
JAMES H. KAUFMAN
  Sr. Deputy Prosecuting Attorney
Spokane County Prosecuting Attorney's Office
W. 1115 Broadway, 2nd Floor
Spokane, Washington 99260
(509) 477-5764

Attorney for Defendants

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| VALERIE SCATES and FREDDIE JOE HALL, | Case No.: CV-07-005-FVS |
| Plaintiff(s) | **PROTECTIVE ORDER** |
| vs. | |
| SPOKANE COUNTY, WASHINGTON, DOUGLAS C. MARSKE, MARK A. STEWART, MARK STERK, | |
| Defendants | |

* * * * * * * * * * * * * *

**O R D E R**

PURSUANT TO THE STIPULATED MOTION FOR PROTECTIVE ORDER, IT IS HEREBY ORDERED that the following Protective Order is entered (Ct. Rec. 16 is GRANTED):

**PROTECTIVE ORDER**
 Page 1 of 4

1. The term "discovery materials" shall mean documents produced under requests for production, responses to interrogatories, and deposition testimony.

2. Any discovery materials produced by Spokane County to Plaintiff through counsel shall be deemed "confidential" and treated in that manner under the provisions of this Protective Order.  This material shall involve "Bates stamped" pages 1 through 418 and involving Defendants' responses to Plaintiffs' First Set of Interrogatories and Requests for Production Propounded To Defendants second RFP No. 8 .

3. Absent court order, any documents deemed "confidential" under this Protective Order shall be held confidential by the parties and their attorneys, and shall not be disclosed to any other person nor made use of for any other purpose except as necessary in the prosecution or defense of this lawsuit, or mediation involving the parties.  Confidential information under this Protective Order may be disclosed to the parties' experts or other persons only after they have been shown this Protective Order and they have agreed to be bound by its terms.  There shall be financial consequences should those parties violate such, including attorney fees as set by the Court or an agreed third party to be determined.

4. Persons assisting counsel in preparation of this litigation, including consulting and trial experts, may be provided access to the information, but only

**PROTECTIVE ORDER**
 Page 2 of 4

upon showing them this Protective Order and advising them that they are bound by its terms.

5. Any copies or reproductions of discovery materials deemed confidential for use in connection with this litigation, absent an order negating such designation, shall be used only for that purpose, and upon conclusion of the litigation, all such copies or reproductions shall either be returned to the party providing the information regardless of any defendant's request.

6. Except as provided in this Protective Order, discovery materials deemed confidential and information disclosed in the materials shall be held strictly in confidence, and shall not be disclosed to anyone else, by the parties or by their attorneys without court order or unless required by the Washington Public Disclosure Act, if applicable.

7. Information deemed confidential may be used in depositions without the necessity of sealing the documents first and may be shown to persons at the deposition, provided there is a need to do so.

8. The parties further agree that in the event that any of the materials described in this Protective Order are filed with the court as an exhibit to a pleading, the parties shall request that the court seal the exhibit.

9. If this litigation proceeds to trial, the degree to which discovery materials

produced pursuant to this Protective Order remain "confidential" and the manner in which the materials will be used at trial will be determined by the agreement of the parties or order of the court.  However, nothing contained in this Protective Order affects in any way or to any degree the admissibility of any discovery material or any information disclosed under the terms of this Protective Order. The admissibility of such material and information shall be governed by the Rules of Evidence and Procedure in the same manner as any other potential evidence in the case.

      10. Nothing in this Order shall infringe upon the right of any party to object to providing information which is subject to the attorney-client privilege, or which is non-discoverable on any other legitimate ground.

      DATED this __18th__ day of __December_____, 2007.

      s/ Fred Van Sickle
_____
**HONORABLE FRED VAN SICKLE**
UNITED STATES DISTRICT JUDGE

**PROTECTIVE ORDER**
 Page 4 of 4